FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

10 JUN -8 AM 9: 47

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:09CR457 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **PLEA AGREEMENT** |
| JAMIE ACKERLY, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America and Defendant, Jamie Ackerly, agree to the following:

**NATURE OF CRIME AND PENALTIES**

1.   The Defendant will waive indictment by a grand jury and plead guilty to Count I of an Information. Count I charges a violation of Title 21, United States Code, Section 846. The Defendant understands that by entering this plea of guilty as to Count I, the Defendant is exposed to mandatory imprisonment of not less than five years nor more than forty years, a fine of up to $2,000,000, both such fine and imprisonment, a term of supervised release of at least four years, and a $100 special assessment. The Defendant will also forfeit any and all interest in a 2006 Ford F-150, VIN 1FTPX14V46NB70038.

2.   In exchange for the Defendant's plea of guilty as indicated above, the United States agrees as follows:

   a.   If the Defendant is found to be entitled to an offense level reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the Court reduce the Defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

b.  The United States agrees that the Defendant will not be federally prosecuted in the District of Nebraska for crimes disclosed by the discovery material delivered to the Defendant's attorney.

## COOPERATION PROVISIONS

3.  Cooperation by the Defendant with the United States is not anticipated by this agreement, and the Defendant understands that a different document would have to be signed should both parties desire the Defendant to cooperate in the future.

## BREACH OF AGREEMENT

4.  Should it be concluded by the United States that the Defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the Defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the Defendant.

In the event the Defendant commits a crime or otherwise violates any term or condition of this plea agreement, the Defendant shall not, because of such violation of this agreement, be allowed to withdraw the Defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## SENTENCING ISSUES

5.  Unless otherwise stated, all agreements as to Sentencing Issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

a.  The parties agree that the Defendant should be held responsible beyond a reasonable doubt for more than 700 kilograms but less than 1,000 kilograms of marijuana and,

therefore, pursuant to U.S.S.G. § 2D1.1, the Defendant's base offense level is Level 30.

    b.    The parties agree that the Defendant is not subject to either upward or downward adjustment in offense level for role in the offense, pursuant to U.S.S.G. §§ 3B1.1 and 3B1.2.

### SCOPE OF THE AGREEMENT AND OTHER PROVISIONS

6.    This agreement is limited to the United States Attorney's Office for the District of Nebraska, and does not bind any other federal, state or local prosecuting authorities.

7.    By signing this agreement, the Defendant agrees that the time between the date the Defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The Defendant stipulates that such period of delay is necessary in order for the Defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the Defendant and the public in a speedy trial.

8.    The Defendant agrees that all information known by the office of United States Pretrial Services may be used by the Probation Office in submitting its pre-sentence report, and may be disclosed to the Court for purposes of sentencing.

9.    The United States may use against the Defendant any disclosure(s) the Defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the Defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

10.    Pursuant to 18 U.S.C. § 3013, the Defendant will pay to the Clerk of the District Court the mandatory special assessment of $100.00 for each felony count to which the Defendant pleads guilty. The Defendant will make this payment at or before the time of sentencing.

11. By signing this agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5).

12. The Defendant hereby knowingly and expressly waives any and all rights to appeal the Defendant's conviction and sentence in this case, including a waiver of all motions, defenses, and objections which the Defendant could assert to the charges or to the Court's entry of Judgment against the Defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed.

The Defendant further knowingly and expressly waives any and all rights to contest the Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the Defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the Defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the Defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement.

13. This agreement ends all plea discussions. No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

14. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties. Further, this proposed plea agreement is automatically withdrawn if the

properly executed original agreement is not received on or before May 24, 2010, at the offices of the United States Attorney for the District of Nebraska.

UNITED STATES OF AMERICA

DEBORAH R. GILG
United States Attorney

5-12-10
Date

*[signature]*

MARIA R. MORAN (#17347)
Assistant United States Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
(402) 661-3700

5-20-'10
Date

*[signature]*

JAMIE ACKERLY
DEFENDANT

5-20-'10
Date

*[signature]*

MARY C. GRYVA
ATTORNEY FOR DEFENDANT

Rev. 10/2009